UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80412-CIV-MIDDLEBROOKS/BRANNON

TARA MEHRBACH,

    Plaintiff,

vs.

A.G. NEWMYER, III, et al.,

    Defendants.
_____/

## ORDER MOTIONS TO DISMISS

THIS CAUSE comes before the Court upon (1) Defendants Jeffrey Fisher, Odette Marie Bendeck, and Fisher & Bendeck, PL's (the "Fisher Defendants") Motion to Dismiss (DE 9), filed May 24, 2013; (2) Defendant A.G. Newmyer III's ("Newmyer") Motion to Dismiss (DE 10), filed May 30, 2013; and (3) Defendant Christopher Barden's ("Dr. Barden") Motion to Dismiss (DE 11), filed May 31, 2013. Plaintiff Tara Mehrbach ("Plaintiff") filed a Response (DE 28) on August 2, 2013, to which Defendants filed several Replies. I have reviewed the Motion, Response, Replies, and the record in this case, and I am otherwise fully advised in the premises.

### I. Background

Plaintiff, proceeding *pro se*,[1] filed her Complaint against Defendants on April 25, 2013.[2] This lawsuit stems from a tumultuous divorce and child custody dispute between Plaintiff and

---

[1] While *pro se* complaints are generally construed liberally, Plaintiff is a lawyer that appears to be licensed at least in the District of Columbia. See *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Accordingly, she is not entitled to the benefits of liberal construction to which an untrained *pro se* litigant is entitled.

[2] Plaintiff alleges that this Court has diversity jurisdiction. Because Plaintiff alleges Florida

1

her former husband, Defendant Newmyer. That dispute continues to be dealt with by the State family court in Palm Beach County, Florida. The Fisher Defendants represent Newmyer in the state court matter. Defendant Dr. Barden served as an expert witness for Newmyer in the state court case concerning the custody of Plaintiff and Newmyer's children.

Plaintiff attempts to bring an action in this Court against Defendants for intentional infliction of emotional distress, civil conspiracy to intentionally inflict emotional distress, false light invasion of privacy, invasion of privacy, defamation, abuse of process, and malicious prosecution. The majority of the forty-page Complaint involves circuitous allegations of lying, cheating, and stealing, mostly involving Defendants' actions relating to the state court proceedings. The Complaint sets forth a separate section for "extra-judicial" allegations, with purported actions by Defendants that took place without relation to the state court proceedings.

Specifically as to the Fisher Defendants, Plaintiff alleges that the Fisher Defendants knew about and failed to correct perjuries by Newmyer and Dr. Barden during court hearings and depositions, improperly obstructed legitimate discovery requests, and made false representations to the state court. (*See, e.g.*, DE 1 at ¶¶ 35, 58, 77, 94, 112, 129, 130, 132). It appears that Plaintiff relies on these allegations for her claims of intentional infliction of emotion distress, civil conspiracy to intentionally inflict emotional distress, abuse of process, false light invasion of privacy, invasions of privacy, and defamation. Plaintiff also purports to state a claim against Defendant Fisher (individually) for malicious prosecution for a bar complaint Defendant Fisher filed against Plaintiff in the District of Columbia. (*See* DE 1 at ¶¶ 178-182). In addition, Plaintiff purports to state a claim against the Fisher Defendants for allegedly publishing on their

---

causes of action, this Court applies Florida law.

2

website several state court orders from the underlying family court case. (*See* DE 1 at ¶ 113, 162, 166, 184).

As to Defendants Newmyer and Barden, Plaintiff makes essentially the same allegations, all arising out of or relating to the state family court proceedings.

## II. Discussion

As an initial matter, the Complaint in this case is the "proverbial shotgun pleading," and therefore is due to be dismissed. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Id.* (citations omitted). Every "Count" of Plaintiff's Complaint begins with "Ms. Mehrbach realleges and incorporates by reference the paragraphs above as though fully restated herein." The "paragraphs above" include 151 paragraphs.

The Motions to Dismiss argue that Plaintiff's allegations surrounding perjury, false representations, and other misconduct during the state court proceedings are barred because the litigation privilege affords absolute immunity. In response, Plaintiff argues that the litigation privilege does not apply to the instant case, and that the Fisher Defendants engaged in "extra-judicial acts," namely that they served a subpoena on Plaintiff's psychologist despite the fact that the family court proceedings had already concluded.

Florida recognizes an absolute litigation privilege that "must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). This absolute immunity "applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or

3

of some other origin," *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007); *see also Levin*, 639 So. 2d at 608 ("the torts of perjury, libel, slander, defamation, and similar proceedings that are based on statements made in connection with a judicial proceeding are not actionable"). This immunity "extends not only to the parties in a proceeding but to judges, witnesses, and counsel as well." *Id.* (citations omitted). Further, the Florida Supreme Court recently clarified that litigation immunity equally applies to depositions. *See DelMonico v. Traynor*, 116 So. 3d 1205, 1217 (Fla. 2013).

Given the law developed in Florida, Plaintiff's claims must be dismissed with prejudice to the extent that she relies on Defendants' conduct occurring in the course of or relating to the family court proceedings. *See Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1303 (11th Cir. 2003) (holding that Florida law provided absolute immunity when the alleged misconduct occurred *during* the underlying litigation). Here, the allegations at issue occurred during the litigation.[3] While Plaintiff argues that a subpoena served on her psychologist on June 28, 2012, was *after* the state court proceedings had concluded, the Complaint says otherwise, as Plaintiff cites to a hearing held in the family court on April 23, 2013. Accordingly, it is clear that Plaintiff's argument is without merit, and the subpoena was in connection to the state court proceedings.

Plaintiff's allegations regarding Defendant Fisher's submission of a bar complaint against Plaintiff fail for similar reasons and are due to be dismissed with prejudice. In Florida, "an individual who files a complaint against an attorney and makes no public announcement of the complaint, thereby allowing the grievance procedure to run its natural course, is afforded

---

[3] Notably, every allegation against Dr. Barden involves his testimony as an expert witness in the state court proceedings. Accordingly, any and all allegations against him are due to be dismissed with prejudice, as he is entitled to absolute immunity.

4

absolute immunity from a defamation action by the complained-against attorney." *Tobkin v. Jarboe*, 710 So. 2d 975, 977 (Fla. 1998). It is not alleged that Defendant Fisher made any statements regarding the bar complaint outside of the grievance process.

Additionally, to the extent that Plaintiff purports causes of action for false light invasion of privacy,[4] invasion of privacy, and defamation based on the Fisher Defendants' alleged posting of court orders to their website, Plaintiff has no viable cause of action. In order to state a claim for invasion of privacy by public disclosure of private facts, Plaintiff must allege four elements: (1) the disclosure was public; (2) private facts were disclosed; (3) the matter publicized was highly offensive to a reasonable person; and (4) the matter is not a legitimate concern to the public. *Cape Publications, Inc. v. Hitchner*, 549 So. 2d 1374, 1377 (Fla. 1989). Facts taken from court records or proceedings are not private. *Cox Broad. Corp. v. Cohn*, 420 U.S. 469 (1975); *Barron v. Fla. Freedom Newspapers, Inc.*, 531 So. 2d 113, 119 (Fla. 1988). Accordingly, private facts were not disclosed, and this claim therefore fails. Also, Plaintiff's claim for defamation fails as well, since the verbatim publication of a judicial opinion cannot create a cause of action for defamation. *See Lowenschuss v. W. Publ'g Co.*, 542 F.2d 180, 185 (3d Cir. 1976) ("verbatim publication of judicial opinions and decisions is absolutely privileged"); *Wolk v. Teledyne Indus., Inc.*, 475 F. Supp. 2d 491, 510 (E.D. Pa. 2007).

### III. Conclusion

To the extent that Plaintiff's claims relate to Defendants' alleged actions taken during or in relation to the state court proceedings, they are due to be dismissed with prejudice based on Defendants' absolute immunity. Additionally, Plaintiff's claims relating to the submission of a

---

[4] Florida does not recognize a cause of action for false light invasion of privacy. *See Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1114 (Fla. 2008). Accordingly, this claim is due to be dismissed.

bar complaint are dismissed with prejudice as well, since bar complainants are also afforded absolute immunity. Last, Plaintiff's claims regarding the publishing of court orders are due to be dismissed as well.

As illustrated above, Plaintiff's allegations have no place in this Court, and it is questionable whether this action should have been filed in the first place, as it appears that Plaintiff only seeks a venue for revenge against her adversaries in the family court matter. However, given the rambling and "shotgun" nature of the Complaint, it is unclear whether Plaintiff has any claims or allegations that survive the aforementioned conclusions. Thus, in an abundance of caution, I will allow Plaintiff an opportunity to amend her Complaint to comply with this Order.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motions to Dismiss (DEs 9, 10, 11) are **GRANTED** as follows:

1. To the extent Plaintiff's claim for intentional infliction of emotional distress relies on Defendants' alleged actions taken during or in relation to the state court proceedings, it is **DISMISSED WITH PREJUDICE**;

2. To the extent Plaintiff's claim for civil conspiracy to intentionally inflict emotional distress relies on Defendants' alleged actions taken during or in relation to the state court proceedings, it is **DISMISSED WITH PREJUDICE**;

3. To the extent Plaintiff attempts to state a claim for false light invasion of privacy, Plaintiff's claim is **DISMISSED WITH PREJUDICE**;

4. To the extent Plaintiff's claim for invasion of privacy relies on the alleged verbatim publication of public court documents, it is **DISMISSED WITH PREJUDICE**;

5. To the extent Plaintiff's claim for abuse of process relies on Defendants' alleged actions taken during or in relation to the state court proceedings, it is **DISMISSED WITH PREJUDICE**;

6. Plaintiff's claim for malicious prosecution against Defendant Fisher is **DISMISSED WITH PREJUDICE**; and

7. To the extent Plaintiff's claim for defamation relies on the alleged verbatim publication of public court documents, it is **DISMISSED WITH PREJUDICE**.

It is further hereby

**ORDERED AND ADJUDGED** that Plaintiff may file an Amended Complaint **within fourteen days** of this Order. If the Amended Complaint does not comply with this Order, attorney's fees and costs may be assessed. If an Amended Complaint is not filed within fourteen days, this case will be closed.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 27 day of September, 2013.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record